IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **LESLIE GLASPER,** *Plaintiff* | § § § | |
| | § | A-20-CV-00619-JRN |
| -vs- | § § | |
| **RANDALLS FOOD & DRUGS, LP,** *Defendant* | § § § § | |

## ORDER

Before the Court in the above-entitled and styled cause of action is Plaintiff's Motion to Remand (Dkt. 9). Plaintiff filed this cause of action on April 6, 2020, in state court in Travis County, Texas. *See* (Compl., Dkt. 1-1, at 1). On June 11, 2020, Defendant timely filed a Notice of Removal, removing the case to the Court based on diversity jurisdiction. *See* (Notice, Dkt. 1, at 1). Plaintiff now seeks to remand to state court. Concluding that Defendant has met its burden of establishing complete diversity, the Court DENIES Plaintiff's motion.[1]

### I. LEGAL STANDARD

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). "The

---

[1] Per local rule CV-7(i), "[t]he court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and . . . that no agreement could be made."

Plaintiff did not include a certificate of conference with this motion, and Defendant advises the Court that Plaintiff did not attempt to confer before filing it. *See* (Resp., Dkt. 10, at 6). The Court agrees with Defendant's assertion that this motion could have been avoided entirely if Plaintiff attempted to confer before filing the motion.

Plaintiff is advised that future nondispositive motions will be dismissed *immediately* without consideration if Plaintiff does not attempt to confer with Defendant in good faith before filing the motion.

EXHIBIT 3

removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id.* (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)). A court has subject matter jurisdiction over civil actions between citizens of different states that involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction "requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). The citizenship of a limited partnership is based on the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).

## II. DISCUSSION

This is a lawsuit for personal injury arising out of an April 2, 2020 incident in which Plaintiff, a Texas citizen, allegedly tripped over a pallet left in the aisle of Defendant's grocery store. *See* (Compl., Dkt. 1-1, at 1).

Attached to Defendant's Notice of Removal was the sworn statement of Michael Dingel, an attorney working in-house for Defendant's parent company. *See* (Dingel Decl., Dkt. 1-4, at 1). In that statement, Mr. Dingel certified that Defendant Randall's Food and Drugs, LP is "a Delaware Limited Partnership with its principle place of business in Pleasanton, California." *Id.* He further declared that the "Randalls general partner is RFM Inc., a Delaware Corporation and its limited partner is RI Inc., a Delaware Corporation." *Id.* Finally, he declared that both partners have principal places of business in California. *Id.*

Plaintiff bases its entire motion on the fact that Defendant "could have easily stated that it has no other general or limited partners, but it did not." (Mot., Dkt. 9, at 5).

This is a ridiculous argument. Positively identifying the ownership interests of an entity is certainly required when removing a case based on diversity jurisdiction, but no rule requires a party to then rule out the possibility of an unidentified owner. Furthermore, Defendant is correct that such an argument is "genuinely frustrating, because it assumes that [Defendant's attorneys] would deliberately misrepresent or hide the citizenship" of their client from the Court. *See* (Resp., Dkt. 10, at 6). This baseless, subtle accusation that defense counsel is lying under oath is neither a winning strategy nor one in keeping with an attorney's obligation to deal responsibly with opposing counsel. Regardless, Defendant attached to its response brief a further declaration from Mr. Dingel, which states affirmatively that no unidentified owners exist.

### III. CONCLUSION

Having established that complete diversity of citizenship exists, the Court enters the following orders:

**IT IS ORDERED** that Plaintiff's Motion to Remand (Dkt. 9) is **DENIED**.

SIGNED this 21st day of July, 2020.

JAMES R. NOWLIN
SENIOR U.S. DISTRICT JUDGE