**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| ANDREA JACKSON, INDIVIDUALLY, § <br> AND AS NEXT FRIEND OF MINOR § <br> CHILDREN NA.J, K.J., AND NI.J., § <br>   Plaintiffs, § <br> § <br> v. § <br> § <br> DOORDASH INC., ET AL., § <br>   Defendants. § | Civil Action No.: 1:20-CV-832 |

**DEFENDANT VR STONECREEK HOLDINGS, L.P. AND VENTERRA REALTY MANAGEMENT COMPANY, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND BRIEF IN SUPPORT**

TO THIS HONORABLE COURT:

Defendants, VR Stonecreek Holdings, L.P. and Venterra Realty Management Company, Inc., file their Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6) and Brief in Support thereof. Defendants request that the Court dismiss the claims addressed in this Motion and Brief as asserted in Plaintiffs' First Amended Complaint, and respectfully show the Court as follows:

### I.   INTRODUCTION

1. On July 6, 2020, Andrea Jackson, Individually and as Next Friend of Minor Children Na'Ziyah Jackson, Kentrail Jackson, and Ni-Yea Jackson ("Plaintiffs"), filed an Original Petition ("Petition") against DoorDash, Inc., Brenden Balter, VR Stonecreek, L.P., and Venterra Realty Management Company, Inc. in the 200th Judicial District Court of Travis County, Texas.[1]

2. On July 31, 2020, DoorDash, Inc. ("DoorDash") and Brendan Balter ("Balter") filed their Original Answers to Plaintiffs' Original Petition.[2]

---

[1] *See* Dkt. 1-1 at Exhibit A, pp. 4-16.
[2] *See* Dkt. 1-1 at Exhibit A, pp. 21-30.

3. On August 7, 2020, DoorDash filed a Notice of Removal to the United States District Court for the Western District of Texas, Austin Division.[3]

4. Plaintiffs subsequently served VR Stonecreek, L.P. and Venterra Realty Management Company (collectively "VR Defendants") on August 31, 2020.[4]

5. On September 21, 2020, the VR Defendants filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) in which the VR Defendants sought dismissal of the claims alleged by Plaintiffs in their Original Petition for a failure to state a claim.[5]

6. On October 5, 2020, Plaintiff filed a Response to Defendants' Motion to Dismiss, as well as a First Amended Complaint (the "Complaint").[6]

7. On October 6, 2020, the Court entered an Order acknowledging that Plaintiffs had filed a First Amended Complaint and dismissing without prejudice the VR Defendants' Motion to Dismiss.[7]

8. In the Complaint, Plaintiff Andrea Jackson alleges that her minor child, Na. J., was struck by a vehicle driven by Defendant Brendan Balter at an apartment complex owned by VR Stonecreek Holdings, L.P. and managed by Venterra Realty Management Company, Inc.[8]

9. Plaintiffs allege the collision occurred while Mr. Balter was driving through the apartment complex's parking lot completing a delivery for DoorDash.[9] Plaintiffs' Complaint fails to offer any explanation as to why a three-year-old child was playing in a parking lot without adult supervision.

---

[3] *See* Dkt. 1.
[4] *See* Dkt. 13 and 14.
[5] *See* Dkt. 17.
[6] *See* Dkt. 21 and Dkt. 22.
[7] *See* Dkt. 23.
[8] *See* Dkt. 21, p. 2.
[9] *See* id.

10. With regard to the VR Defendants, Plaintiffs assert claims for premises liability and negligent undertaking.[10] Plaintiffs allege, on information and belief, that the VR Defendants "knew people were driving recklessly through their parking lot."[11] Plaintiffs acknowledge that the VR Defendants have speed limit signs posted on the property, but maintain that the VR Defendants breached their alleged duty to Plaintiffs by failing to install other types of traffic-control devices throughout the property.[12]

## II. LEGAL STANDARD

11. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a case must be dismissed when the allegations asserted in the petition fail "to state a claim upon which relief may be granted."[13] A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.[14] The United States Supreme Court has addressed the standard of pleading in order to state a claim for relief and avoid dismissal under Federal Rule of Civil Procedure 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court held that the factual allegations in a complaint must move beyond the mere possibility of the existence of a cause of action to establish plausibility of entitlement to relief.[15] The Supreme Court expressly rejected the standard that a plaintiff states a cause of action if the allegations raise the possibility that the plaintiff could establish some set of facts to support recovery.[16]

12. Dismissal under Rule 12(b)(6) is appropriate when it appears no relief can be granted under any set of facts that could be proven consistent with the allegations.[17] A plaintiff

---

[10] *See id.* at p. 17.
[11] *See id* at p. 1.
[12] *See id* at p. 1 and pp. 11-14.
[13] Fed. R. Civ. P. 12(b)(6).
[14] *Triad Assoc., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989).
[15] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557–558 (2007).
[16] *Id.* at 561–563.
[17] *Heitschmidt v. City of Houston*, 161 F.3d 834 (5th Cir. 1998); *Korte v. Allstate Ins. Co.*, 48 F. Supp. 2d 647, 650 (E.D. Tex. 1999).

must plead specific facts in his petition; conclusory allegations or legal conclusions disguised as factual conclusions are insufficient to survive a Rule 12(b)(6) motion to dismiss.[18] A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."[19] "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[20] In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[21]

### III.   ARGUMENT AND AUTHORITIES

#### A.   Premises Liability Standard

13.   In support of their premises liability cause of action against the VR Defendants, Plaintiffs state the following:

> **C. Claims against VR Defendants**
>
> 1. Premises Liability
>
> 103.   Plaintiffs Na, K., and Ni. J are all invitees of the VR Defendants.
>
> 104.   Upon information and belief, The VR Defendants are aware that there are tenants and non-tenants who are not familiar with the Stonecreek Ranch Apartment parking lot. The VR Defendants breached their duty to Plaintiffs by failing to maintain speed-control devices, such as speed bumps, having traffic-control signs, such as stop or yield signs at intersections, and warning signs regarding children.
>
> [22]

14.   Premises liability is a particular form of negligence in which the scope of the premises owner's duty depends on the plaintiff's status as an invitee, licensee, or trespasser.[23]

---

[18] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (stating that "we do not accept as true conclusionary allegations in the Petition")).
[19] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).
[20] *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).
[21] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Pinela-Navarro v. BAC Home Loans Servicing LP*, EP-11-CV-131-PRM, 2011 WL 3666586 (W.D. Tex. July 29, 2011).
[22] *See* Dkt. 21 at p. 18.
[23] *See W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

Plaintiffs allege they are invitees, but fail to state any facts to support that conclusory allegation. As such, it is unclear what duty the VR Defendants allegedly owed to Plaintiffs. For this reason, Plaintiffs' pleadings initially fail because they have not even demonstrated the threshold issue in a premises liability case. Assuming arguendo that Plaintiffs are invitees, the duty owed by the VR Defendants is to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition about which the property owner knew or should have known.[24] To prevail on a premises liability claim involving an invitee, a plaintiff must prove:

> (1) the owner/operator's actual or constructive knowledge of some condition on the premises;
>
> (2) the condition posed an unreasonable risk of harm;
>
> (3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
>
> (4) the owner/operator's failure to use reasonable care proximately caused the plaintiff's injuries.[25]

**B.    Plaintiffs Failed to Identify a Condition on the Property, Much Less An Unreasonably Dangerous One. Thus, the VR Defendants Do Not Owe Plaintiffs a Duty.**

15.    At no point in their Complaint do the Plaintiffs identify the alleged condition on the property, an essential element in a premises liability case. Plaintiffs allege that Defendant Balter ran into Na. J. in the parking lot, but they do not identify where exactly in the parking lot the incident occurred.[26] Plaintiffs describe the road that goes through the parking lot of the property as a "road-like driveway"[27] and state that, "due to the nature of the driveway and parking lot at issue in this case, the VR Defendants knew or should have been aware of the reckless driving."[28]

---

[24] *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010).
[25] *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).
[26] *See* Dkt. 21 at p. 3.
[27] Defendants are not entirely clear what is meant by the description "road-like driveway." Defendants believe the incident occurred in the road that goes through the parking lot of the apartment complex. The road is part of the parking lot itself. As such, Defendants refer to the location of the incident as the parking lot.
[28] *See* Dkt. 21 at pp. 11-12.

While Plaintiffs mention reckless driving (with no supporting factual allegations), Plaintiffs fail to identify any specific condition regarding the parking lot, driveway, or any other portion of the property that was allegedly unreasonably dangerous. Plaintiffs fail to state what about the "nature of the driveway and parking lot" made it such that the VR Defendants knew or should have known that it was somehow unreasonably dangerous. Based on the pleadings, it is unclear if the alleged condition on which Plaintiffs attempt to base their premises liability claim is simply the entire parking lot itself or if it is the absence of "speed-control devices"[29] or "traffic-control devices"[30] in the parking lot or something else.[31]

16. Plaintiffs' mention of the use of safety measures at other properties owned/managed by the VR Defendants is irrelevant to the question of whether the VR Defendants owe Plaintiffs a duty in this case. Plaintiffs must establish that the VR Defendants had actual or constructive knowledge of a condition on the premises at issue, Stonecreek Ranch Apartments. All properties are different and the traffic or speed-control devices that are necessary at one property may not be necessary at another. For example, Plaintiffs' note the use of stop signs at three-way intersections at other properties, but Plaintiffs do not allege that this incident occurred at a three-way intersection (it did not).

17. Assuming arguendo that the alleged condition at the Stonecreek Ranch Apartments is the lack of speed bumps or other traffic-control devices[32] in the parking lot, Plaintiffs have failed to state whether the VR Defendants should have installed such devices at the exact spot where the

---

[29] *See* Dkt. 21 at p. 17.
[30] *See* Dkt. 21 at p. 11.
[31] Plaintiffs acknowledge that the Defendants had speed limit signs posted. *See* Dkt. 21 at p. 1, 12. Thus, the alleged lack of speed-control devices appears to be based solely on a lack of speed bumps. Further, Plaintiffs do not allege that speed played a factor in this incident. Rather, Plaintiffs focus on the driver's alleged inattention to the road due to phone usage. *See* Dkt. 21 at p. 4.
[32] While Plaintiffs refer generally to "traffic-control devices" throughout their Complaint, they only specifically mention yield signs, stop signs, and warning signs regarding children. Therefore, Defendants use the term "traffic-control device" to refer to yield signs, stop signs, and warning signs regarding children.

incident occurred or throughout the parking lot. If the contention is that the speed bumps or traffic-control devices should have been installed throughout the parking lot, Plaintiffs failed to state where exactly they should have been installed and how many speed bumps or traffic-control devices should have been placed. If the contention by Plaintiffs is that speed bumps or traffic-control devices should have been placed near the scene of the accident, Plaintiffs failed to state what about that particular part of the parking lot necessitates the addition of such device. Plaintiffs' Complaint fails to provide sufficient facts, that if accepted as true, state a claim to relief that is plausible on its face.

18.     More significantly, whether the condition is the parking lot itself or the alleged lack of speed bumps or traffic-control devices in the parking lot, Plaintiffs have failed to identify what makes this condition an unreasonably dangerous one. As noted above, Plaintiffs have acknowledged that the property had posted speed limit signs. Thus, Plaintiffs' argument appears to hinge on the failure to have speed bumps, stop signs, yield signs, or children at play signs. Though somewhat unclear, Plaintiffs appear to suggest that parking lots without multiple types of traffic-control devices are, by their very nature, unreasonably dangerous conditions. This is simply not the case, and Defendants are not aware of any Texas appellate court that has found parking lots without multiple types of traffic-control devices to constitute an unreasonably dangerous condition. Further, Plaintiffs make this suggestion without providing any specifics as to the parking lot at issue and explaining what about that parking lot necessitates the use of multiple traffic-control devices.

19.     If there is no unreasonably dangerous condition, then, as a matter of law, a plaintiff is owed no duty, and cannot recover on her premises liability claim.[33] It is important to keep in

---

[33] *Callahan v. Vitesse Aviation Services, LLC*, 397 S.W.3d 342, 351 (Tex. App.—Dallas [5th Dist.] 2013, no pet.); *see also Scott & White Mem'l Hosp. v. Fair*, 310 S.W.3d 411, 412–13 (Tex. 2010).

mind that the duty a premises owner owes to its invitees is not that of an insurer.[34] That is to say, a condition is not unreasonably dangerous simply because it is not foolproof.[35] A condition is unreasonably dangerous if it presents an unreasonable risk of harm.[36] "A condition presenting an unreasonable risk of harm is defined as one in which there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen."[37] Whether a condition is dangerous or not is a question of reasonableness.[38] The mere fact that an accident occurred is not, of itself, evidence that there as an unreasonable risk of such occurrence.[39] The issue of whether a particular condition presents an unreasonable risk of harm may be decided as a matter of law.[40] In this case, Plaintiffs have failed to plead a condition on the property that presented an unreasonable risk of harm.

### C. Plaintiffs Failed to Plead Facts Showing that the VR Defendants Knew or Should Have Known of an Unreasonably Dangerous Condition on the Property.

20.     Plaintiffs allege that they "expect discovery to reveal that reckless driving frequently occurred in the parking lot at Stonecreek Ranch and that the VR Defendants had knowledge of the dangerous driving,"[41] Plaintiffs fail to provide any factual basis for this conclusory allegation. Furthermore, the ability of third parties to drive though a property is not a condition on the property. Nowhere in Plaintiffs' Petition do they allege facts demonstrating that third parties were, in fact, driving dangerously through the parking lot at issue, much less that the

---

[34] *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000).
[35] *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 408 (Tex. 2006).
[36] *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 163 (Tex.2007) (per curiam)(emphasis added).
[37] *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex.1970); *see Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex.1975); *Alger v. Brinson Ford, Inc.,* 169 S.W.3d 340, 345 (Tex.App.-Waco 2005, pet. filed).
[38] *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex. 1975).
[39] *Church v. ExxonMobil Corp.*, No. 01-11-00802-CV, 2012 Tex. App. LEXIS 9321, at *22 (App. Nov. 1, 2012), citing *Smylie v. First Interstate Bank, Texas*, No. 14–99–00713–CV, 2000 WL 1707308, at *2 (Tex.App.-Houston [14th Dist.] Nov. 16, 2000, no pet.) (mem.op.) (citing *Dabney v. Wexler–McCoy, Inc.*, 953 S.W.2d 533, 537 (Tex.App.-Texarkana 1997, pet. denied)).
[40] *See Seideneck v. Cal Bayreuther & Associates,* 451 S.W.2d 752, 754-55; *Wong v. Tenet Hosps., Ltd.*, 181 S.W.3d 532, 538-539 (Tex. App.—El Paso 2005, no pet.).
[41] *See* Dkt. 21 at p. 12.

VR Defendants knew or should have known that third parties were driving dangerously in that area. Plaintiffs allege that the VR Defendants installed speed bumps in "parts of the parking lot"[42] Plaintiffs fail to provide any factual basis for this allegation, nor do they allege how the installation of speed bumps after the incident establishes that Defendants knew or should have known that third parties were driving dangerously in the area where the incident occurred before the incident. Plaintiffs further attempt to create confusion on this element by pointing to safety measures that may have been taken at other properties, but as previously noted, such measures have no bearing on whether the VR Defendants knew or should have known of an unreasonably dangerous condition at Stonecreek Ranch. Assuming again that the alleged dangerous condition is a lack of signs or speed bumps throughout the property, Plaintiffs have failed to allege any facts that would demonstrate that the VR Defendants knew or should have been aware of the alleged hazardous nature of the parking lot.

> **D.   Plaintiffs Failed to Demonstrate How Any Alleged Unreasonably Dangerous Condition on the Premises Caused the Incident in Question.**

21.   Proximate cause is an essential element of a premises liability claim.[43]   Plaintiffs seek to impose liability on the VR Defendants for allegedly failing to install speed control devices on the premises, but Plaintiffs fail to offer any factual allegations as to how speed was even a factor in this accident. Indeed, Plaintiff's pleadings assert that Defendant Balter's alleged distracted driving, not the speed of his vehicle, caused the accident. Specifically, as alleged in Plaintiffs' Complaint, Balter did not see Na. J before hitting her with his vehicle because he was using his phone while driving.[44]   However, Plaintiffs seek to impose liability on the VR Defendants for failing to install stop signs, yield signs, or children at play signs on the premises, but fail to explain

---

[42] Plaintiffs do not state where on the property the speed bumps were installed.
[43] *See generally Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).
[44] *See* Dkt. 21 at p. 4.

how having such signs would have prevented the accident given Plaintiff's allegation that Balter was looking at his phone and not the road ahead or any posted signs. Plaintiffs' pleadings make no attempt to explain how speed bumps, stops signs, yield signs, or children at play signs would have prevented Defendant Balter's vehicle from striking a 3 year old that he did not see. Taking Plaintiffs allegations as true for purposes of this motion, Plaintiffs' pleadings fail to explain how the presence of a sign or speed bump would have prevented the accident at issue or how the alleged lack of such devices proximately caused the accident.

### E.     Plaintiff's Failed to State a Claim for Negligent Undertaking.

22.     To establish a claim for negligent undertaking, a plaintiff must show that:

1)  the defendant undertook to perform services that it knew or should have known were necessary for the plaintiff's protection;

2)  the defendant failed to exercise reasonable care in performing those services; and

3)  either, (a) the plaintiff relied upon the defendant's performance, or (b) the defendant's performance increased the plaintiff's risk of harm.[45]

23.     Plaintiffs failed to allege what services the VR Defendants allegedly undertook. Instead, Plaintiffs simply point out that the property in question had 10 miles per hour speed limit signs posted. While the signs themselves are a condition on the property, Plaintiffs failed to allege what services the Defendants allegedly undertook with regard to the signs. Plaintiffs imply that the existence of the signs on the property means that Defendants undertook "the duty to regulate traffic in the parking lot at Stonecreek Ranch Apartments."[46] However, Plaintiffs failed to provide any factual support for the allegation that Defendants undertook a duty to regulate traffic as a whole.

---

[45] *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 838-39 (Tex. 2000).
[46] *See* Dkt. 21 at p. 18.

24. Additionally, Plaintiffs failed to plead facts sufficient to show that the VR Defendants undertook to perform any service that it knew or should have known was necessary for Plaintiffs' protection. As previously noted, Plaintiffs conclusory statement that reckless driving frequently occurred on the property is without any factual support.

25. Plaintiffs also failed to allege how the VR Defendants failed to exercise reasonable care in performing the service (whatever the alleged service may be). Plaintiffs state that, "Despite posting these speed limit signs in some places, the VR Defendants failed to enforce this rule, put in speedbumps, and install traffic-control signs (including but not limited to, stop and yield signs at intersections)."[47] Plaintiffs allege that the speed limit was routinely violated, but they do not provide any factual support for that allegation. Further, Plaintiffs do not allege at any point in their Complaint that Balter was driving greater than the posted speed limit of 10 miles per hour. Finally, Plaintiffs fail to plead how the installation of any additional traffic-control devices would have prevented this accident, which Plaintiffs have alleged occurred due to the inattention of Defendant Balter.

26. With regard to the last element, Plaintiffs state that they relied on the VR Defendants enforcing their own rules, and by not enforcing these rules the VR Defendants increased the risk of Plaintiffs' harm. In sum, Plaintiffs' Complaint fails to provide sufficient facts, that if accepted as true, state a claim for negligent undertaking that is plausible on its face.

## CONCLUSION

27. Plaintiffs' First Amended Complaint fails to state a claim because Plaintiffs fail to identify an unreasonably dangerous condition on the premises, and thus, the VR Defendants did not owe Plaintiffs a duty. Further, Plaintiffs fail to state a viable cause of action because Plaintiffs fail to plead facts showing that the VR Defendants knew or should have known of the alleged

---

[47] *See* id.

unreasonably dangerous condition. Additionally, Plaintiffs fail to state a claim against the VR Defendants because Plaintiff fail to state how any alleged unreasonably dangerous condition on the property actually caused the incident in question. Finally, Plaintiffs failed to state a claim against the VR Defendants for negligent undertaking.

WHEREFORE PREMISES CONSIDERED, Defendants VR Stonecreek Holdings, L.P. and Venterra Realty Management Company, Inc. pray that their 12(b)(6) Motion to Dismiss be granted, Plaintiffs' claims against Defendants be dismissed with prejudice, and for all such other relief to which these Defendants are justly entitled to receive.

Respectfully submitted,

*/s/ Emily P. Hollenbeck*
**S. Jan Hueber**
Texas Bar No. 20331150
Hueber@litchfieldcavo.com
**Emily P. Hollenbeck**
Texas Bar No. 24062786
hollenbeck@litchfieldcavo.com

**LITCHFIELD CAVO, LLP**
100 Throckmorton St., Ste. 500
Fort Worth, Texas 76102
Telephone: 817-945-8025
Facsimile: 817-753-3232

**ATTORNEYS FOR VR STONECREEK HOLDINGS, L.P. AND VENTERRA REALTY MANAGEMENT COMPANY, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above pleading was served on this 19th day of October 2020, on all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Emily P. Hollenbeck*
Counsel for Defendants